**Filip GJURA, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 05–1081–ag.

United States Court of Appeals, Second Circuit.

May 5, 2006.

Robert Pures II (Charles Christophe, on the brief), Christophe & Associates, P.C., New York, New York, for Petitioner.

Kathleen M. Salyer, Assistant United States Attorney (R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz and Sally M. Richardson, Assistant United States Attorneys, on the brief), Miami, Florida, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. AMALYA L. KEARSE, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Filip Gjura petitions for review of a February 14, 2005, order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal (Theresa Holmes–Simmons, *Immigration Judge*). Because petitioner did not appeal the denial of his claim for relief under the Convention Against Torture to the BIA, we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1). We assume familiarity with the facts and procedural history of this case.

Where the BIA summarily affirms the decision of the IJ, we review the IJ's decision directly. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam). We review the BIA's legal conclusions de novo. *Guan Shan Liao v. U.S.*

*Dep't of Justice,* 293 F.3d 61, 66 (2d Cir. 2002). To establish eligibility for asylum, an applicant must show that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a social group, or political opinion. 8 U.S.C. § 1101(a)(42). An applicant for withholding of removal must demonstrate a clear probability that his life or freedom would be threatened on account of one of these enumerated grounds. *See* 8 U.S.C. § 1231(b)(3)(A).

The IJ's adverse credibility determination relied, in large part, on the lack of corroborating materials confirming petitioner's identity and political affiliation in Albania. We agree with the IJ that petitioner should have been able to produce many of the corroborative documents the IJ sought, especially letters from family members still in Albania testifying to instances of persecution and evidence of petitioner's political affiliation given that petitioner was in continuous contact with members of the Democratic Party while in the United States. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir. 2003) (IJ may deny asylum for lack of corroborating evidence if the IJ identifies particular pieces of documentation and demonstrates the information would be reasonably available); *Diallo v. INS,* 232 F.3d 279, 288–89 (2d Cir.2000). Because the IJ identified particular, relevant information and explained why it was reasonable to expect such documentation from petitioner, the IJ was entitled to rely on this ground in making her adverse credibility determination.

While the parties' briefs assume that the case of petitioner's mother, Katrine Gjura, is also under review, the petition for review mentions only the petitioner, Filip.

We therefore cannot review the IJ's decision as to Katrine. However, assuming Katrine's case were before us, we would deny her petition for the reasons outlined above.

For the reasons set forth above, the petition for review is **DENIED**.